IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERISH BERGER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 08-4059 |
| ELI WEINSTEIN, et. al., | ) ) ) |
| Defendants. | ) ) |

## MOTION OF CHAWLA DEFENDANTS TO DISMISS OR STAY ACTION PURSUANT TO PRIOR PENDING ACTION DOCTRINE

Defendants Ravinder Chawla and World Acquisition Partners Corporation move to dismiss or stay this action on account of the prior pending action, *Berish Berger v. Eli Weinstein* et al., C.A. No. 07-994 (E.D. Pa.), involving the same subject matter, which was brought by plaintiff Berish Berger against the same defendants and which was dismissed by this Court, but is now on appeal.

/s/ Paul C. Madden
Richard M. Simins
Paul C. Madden
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985
Telephone: (215) 665-8700
Facsimile: (215) 665-8760

*Attorneys for Defendants Ravinder Chawla and World Acquisition Partners Corporation*

Dated: September 12, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERISH BERGER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 08-4059 |
| ELI WEINSTEIN, et. al., | ) ) ) |
| Defendants. | ) ) |

### BRIEF OF CHAWLA DEFENDANTS IN SUPPORT OF MOTION TO DISMISS OR STAY ACTION PURSUANT TO PRIOR PENDING ACTION DOCTRINE

Faced with the daunting hurdles posed by the bar of issue preclusion raised in the Chawla Defendants' Motion to Dismiss this action ("*Berger II*"), plaintiff Berish Berger ("Berger") immediately appealed the dismissal of *Berish Berger v. Eli Weinstein* et al., C.A. No. 07-994 (E.D. Pa.) ("*Berger I*"), brought by him in this same court against these same defendants on the same subject matter. Berger now pursues the same claims against the same defendants in two different actions in this Court. Regardless of the cautionary instincts that prompted Berger to pursue two mirror-image actions against these defendants, he clearly may not do so under well-settled law in this Circuit, and this action, *Berger II*, must be dismissed or stayed.[1]

---

[1] A motion to dismiss under the prior pending action doctrine may be made at any time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (court may dismiss at any time claims which fail to state a claim upon which relief may be granted). See *Holliday v. City of Newington*, No. 3:03CV1824, 2004 WL 717160, at *2 (D. Conn. March 19, 2004).

1

Courts in this Circuit uniformly follow the "prior pending action" doctrine which provides that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)(citing *United States v. Haytian Republic*, 154 U.S. 118, 123-24 (1894)). Since 1977, the Third Circuit's *Walton* opinion has been upheld and applied repeatedly by both the Third Circuit and courts in this District. *See Hutchins v. United Parcel Service, Inc.*, 197 Fed. Appx. 152, 159, 2006 WL 2189881, at *6 (3d Cir. 2006); *McKenna v. City of Philadelphia*, 2007 WL 4190687, at *2 (E.D. Pa. Nov. 21, 2007); *Tara M. v. City of Philadelphia*, 1998 WL 464910, at *2 (E.D. Pa. Aug. 6, 1998); *Step-Saver Data Systems, Inc. v. Wyse Technology*, 1990 WL 223052, at *2 (E.D. Pa. Dec. 21, 1990).

The *Walton* Court explained that concerns for judicial economy and for defendants to be free from harassment provide the underpinnings of the prior pending action rule. "There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket." *Walton*, 563 F.2d at 70. Here, the Court will be bothered with entertaining a separate but duplicative action while awaiting the outcome of Berger's appeal, which if remanded to the Court could moot the

second action.[2] The defendants, in turn, will be harassed and burdened by defending two suits simultaneously which arise from the same facts and seek the same relief. Clearly, *Berger II*, which is predicated on the same series of transactions, against the same defendants, in the same court and at the same time as Berger's appeal of this Court's previous dismissal is pending, violates the prior pending action doctrine.[3] The prior pending action doctrine applies with equal force where, as here, a plaintiff files a new complaint while there is an appeal pending related to the plaintiff's first complaint. *See Halpern v. Bristol Board of Education*, 52 F. Supp.2d 324, 327, fn. 10 (D. Conn. 1999) (noting that "[w]hile the appeal was pending, the Plaintiff brought another action..." and that "[t]he case was dismissed under the prior pending action doctrine," which dismissal was upheld on appeal).

Under the prior pending action doctrine, the Court may (1) dismiss the second action (*Berger II*), (2) stay it or (3) consolidate it with the first. *See Walton*, 563 F.2d at 70-71. The remedy of consolidation is not appropriate under the present circumstances, however, because *Berger II*

---

[2] In *Berger I*, Berger alleges that he was injured and that he owns the claims. In *Berger II*, Berger contends, inconsistently, (i) that he owns the claims and was injured, (ii) that five foreign corporations were injured and own the claims, and (iii) that the five foreign plaintiffs were injured, but that he owns their claims by assignment.

[3] Alternatively, the Court may dismiss the *Berger II* complaint because it violates the rule against claim splitting, which "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 2008 WL 886027, at *8 (4th Cir. March 31, 2008). "In a claim splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim." *Id.* (internal quotation omitted).

3

was brought *after* Berger purportedly obtained assignments of the claims he attempted to bring in *Berger I* and because the assignments were obtained in a futile effort to create the standing this Court found Berger lacked from the beginning of *Berger I*. To allow Berger to consolidate this action with one where the Court already determined he lacked standing would allow Berger to circumvent the rules pertaining to the amendment of claims as well as the standing requirement. *Walton* clearly cautions courts to avoid this outcome.

> In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints.

*Id.* at 71; *see McKenna*, 2007 WL 4190687, at *3 ("[A] plaintiff seeking to raise new claims concerning the subject matter of an already existing suit against the same defendant may not file a substantively identical suit containing these new allegations. Instead, the proper means for raising these new claims is by moving to amend the existing complaint"). Anything short of stay or dismissal will allow Berger to circumvent proper procedures by filing duplicative complaints.[4]

---

[4] Indeed, this Court recognized that consolidation was not appropriate when it closed *Berger I* on August 26, 2008 notwithstanding the *Berger II* plaintiffs' motion to consolidate *Berger I* and *Berger II*.

4

Because Berger's new action violates the prior pending action doctrine, the *Berger II* action should either be stayed pending the outcome of his appeal[5] or dismissed.

                              Respectfully submitted,

                              <u>/s/ Paul C. Madden</u>
                              Richard M. Simins
                              Paul C. Madden
                              BUCHANAN INGERSOLL & ROONEY PC
                              1835 Market Street, 14th Floor
                              Philadelphia, PA 19103-2985
                              Telephone: (215) 665-8700
                              Facsimile: (215) 665-8760

                              *Attorneys for Defendants Ravinder Chawla and World Acquisition Partners Corporation*

---

[5] Should this Court elect to stay rather than dismiss *Berger II*, it should nonetheless determine the outstanding Motion to Strike *lis pendens* on the Jenkintown, JFK and 2040 Market Street properties, so as not to allow the continuance of improper liens on the properties for an indefinite period. The Jenkintown property is not even mentioned in the *Berger II* Complaint, plaintiffs' money was not used to acquire it and its owner is not a party.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion and Brief of Defendants Ravinder Chawla and World Acquisition Partners Corporation to Dismiss or Stay Action Pursuant to Prior Pending Action Doctrine was served on this 12th day of September, 2008, on the following, as set forth below:

Antoinette R. Stone, Esquire (*via ECF*)
BROWN STONE NIMEROFF LLC
1818 Market Street, Suite 2300
Philadelphia, PA 19103

Elizabeth Ainslie, Esquire (*via First Class Mail*)
SCHNADER HARRISON SEGAL & LEWIS, LLP
1600 Market St.
Ste. 3600
Philadelphia, PA 19103

Lisa Thompson, Esquire (*via First Class Mail*)
LAW OFFICES OF NUZZI MASON
50 Nelson Street
Dover, NJ 07801-4132

Richard Seltzer, Esquire (*via First Class Mail*)
KAYE SCHOLER LLP
425 PARK AVE
New York, NY 10022

Andrew Teitelman, Esquire (*via ECF*)
LAW OFFICES OF ANDREW TEITELMAN
3103 Philmont Avenue
Suite 301
Huntingdon Valley, PA 19006

 

   /s/ Paul C. Madden
Paul C. Madden