## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERISH BERGER, et al.,** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ELI WEINSTEIN, et al.,** | : | **No. 08-4059** |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

**Schiller, J.**                                                                                        **November 10, 2008**

Plaintiff Berish Berger and Plaintiffs Kilbride Investments Ltd., Busystore Ltd., Towerstates Ltd., Bergfeld Co. Ltd., and Ardenlink Ltd. ("Corporate Plaintiffs") bring this action against Defendants Eli Weinstein; Ravinder Chawla; Mark Sahaya; 2040 Market Associates, L.P. ("2040 Market Associates"); JFK BLVD Acquisition Partners, L.P. ("JFK BLVD Acquisition Partners"); Pine Projects, L.L.C; and World Acquisition Partners Corporation ("WAPC"). The Complaint asserts claims of fraud, conversion, civil conspiracy, promissory estoppel and unjust enrichment based on a real-estate transaction gone awry. Currently before the Court are Defendants' motions to dismiss or stay the instant litigation based on the prior pending action doctrine. For the following reasons, Defendants' motions are granted.

## I.        BACKGROUND

This case is the second iteration of a lawsuit brought by Berger against Defendants. In *Berger v. Weinstein*, Civil Action No. 07-994 (E.D. Pa.) (*Berger I*), Berger brought various state law claims based on the same transaction underlying this case against the identical Defendants named in this case. The gist of Berger's claims was that Defendants defrauded him out of $36.5 million

through misrepresentations that induced him to invest in certain properties in Philadelphia, Pennsylvania.  Ultimately, Berger invested $36.5 million in these real estate deals with nothing to show for it.  However, discovery in *Berger I* revealed that not one cent of this $36.5 million came from Berger's personal funds.  Instead, the monies belonged to various foreign entities associated with Berger — Kilbride Investments Ltd., Busystore Ltd., Towerstates Ltd., Bergfeld Co. Ltd., and Ardenlink Ltd. — which wired the funds to Weinstein's company, Pine Projects (and in one case, to a title company participating in one of the transactions) upon Berger's requests.

On August 6, 2008, this Court granted summary judgment to Defendants based on Berger's lack of standing.  *Berger v. Weinstein*, Civ. A. No. 07-994, 2008 WL 3183404 (E.D. Pa. Aug. 6, 2008).  The Court concluded that Berger lacked standing because the funds advanced by the foreign companies were not loans to Berger that he would be obligated to repay.  Additionally, the Court rejected Berger's argument that he had standing pursuant to assignments he procured from the five companies shortly before he filed his opposition to Defendants' motions for summary judgment, since those after-the-fact assignments could not retroactively confer standing on Berger from the outset of the litigation.

On August 20, 2008, Berger and the Corporate Plaintiffs initiated the instant litigation, *Berger II*.  The Complaint in *Berger II* asserts the same claims and theories set forth in the *Berger I* Second Amended Complaint, but adds as Plaintiffs the five companies from whom Berger, in reliance on the "Defendants' fraud," procured the $36.5 million.  The *Berger II* Complaint asserts the same state law claims against the same Defendants and requests the same relief sought in *Berger I*.  Standing in *Berger II* is premised on the notion that either the Corporate Plaintiffs have standing because they parted with $36.5 million in connection with Defendants' misrepresentations to Berger

2

or Berger himself has standing by virtue of the Corporate Plaintiffs' assignment of their claims to him. On September 10, 2008, less than a month after filing *Berger II*, Berger appealed the Court's grant of summary judgment in *Berger I* to the Court of Appeals for the Third Circuit (Third Circuit). After a status conference with the parties in *Berger II* regarding, among other things, the two separately proceeding litigations, Berger filed a motion with the Circuit Court to stay his own appeal. On October 28, 2008, the Circuit Court denied Berger's motion.

## II.    DISCUSSION

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. Ca. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) and *Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977) (*en banc*)). "For an action to be deemed duplicative, there must be the same parties, or at least such as represent the same interest; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts; and the essential basis of the relief sought must be the same." *Tara M. v. City of Phila.*, Civ. A. No. 97-1041, 1998 WL 464910, at *2 (E.D. Pa. Aug. 6, 1998).

The Third Circuit embraced this "prior pending action doctrine" in *Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977) (*en banc*). In *Walton*, the plaintiff brought an employment discrimination action alleging that she was harassed at her job because of her race and gender. Her complaint expressly waived a jury trial. Approximately one year into the litigation, the plaintiff hired a new set of attorneys who, apparently unhappy with the complaint, filed a second action that

3

was virtually indistinguishable from plaintiff's prior pending complaint.  Unlike the complaint in the first action, however, the complaint in the second action demanded a jury trial.  The district court consolidated the two actions and held a non-jury trial.  The plaintiff then appealed, arguing that the court erred in denying her a jury trial.

In affirming the district court's consolidation of the cases for a non-jury trial, the Third Circuit proclaimed that "[plaintiff] had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  563 F.2d at 70. Accordingly, "[w]hen the district court became aware that the two actions begun by [plaintiff] were virtually identical, it could have dismissed her second complaint without prejudice or it could have stayed proceedings in the second action until judgment was entered in the first."  *Id.*  Consolidation was also an appropriate means of addressing the duplicative litigations, so long as consolidation did not allow the plaintiff to circumvent procedural rules for amending a complaint and demanding a jury trial.  With these principles in mind, the Third Circuit concluded that it was appropriate for the district court to consolidate the cases and hold a non-jury trial.

Defendants request dismissal or a stay of *Berger II* in light of the pending appeal of *Berger I*.  Plaintiffs counter that the prior pending action doctrine does not apply here because *Berger II* constitutes the first assertion of claims by Corporate Plaintiffs, who were not parties to *Berger I*, and because the cases are proceeding in different courts.  Both of these arguments are misguided.  First, it is clear that *Berger II* arises out of the same nucleus of facts, asserts the same claims, and requests the same relief as *Berger I*.  *Berger II* also involves the same parties as *Berger I* with the exception of the five Corporate Plaintiffs, all of whom represent the same interests as Berger.

4

Indeed, Plaintiffs concede as much.  In their opposition to the instant motions, Plaintiffs sought an immediate trial date for *Berger II*, noting that "[b]ecause this case and [*Berger I*] involve the same alleged fraud, *Berger II* is essentially ready for trial" based on the discovery conducted in *Berger I*.  (Pls.' Opp'n to the Chawla Defs.' Mot. to Dismiss or Stay [hereinafter "Pls.' Opp'n"] at 6.)  Likewise, Plaintiffs requested a preliminary injunction in *Berger II* based solely on the preliminary injunction record in *Berger I* because "[b]y mirroring the Second Amended Complaint in *Berger I*, the *Berger II* complaint sets forth the same legal theories and allegations contained in the First Amended Complaint in *Berger I* on which the Court based its preliminary injunction finding."  (Pls.' Reply Mem. in Supp. of their Mot. for Prelim. Inj. at 4.)  Furthermore, it is unclear to the Court how Plaintiffs can argue both that *Berger II* is not duplicative of *Berger I* and assert that "Berger and the companies are in privity for purposes of the doctrine of *res judicata* and collateral estoppel."  (Pls.' Opp'n at 7.); *see Adams*, 487 F.2d at 688 ("To determine whether a suit is duplicative, we borrow from the test for claim preclusion.").  Accordingly, there is no question that *Berger II* is duplicative of *Berger I* such that it is within the Court's discretion to dismiss or stay *Berger II* if appropriate.  *See Tara M.*, 1998 WL 464910, at *2 (granting judgment on the pleadings to defendant where plaintiff's lawsuit was duplicative of first-filed class action — plaintiff was a party to the class action, asserted the same rights and requested the same relief as in the class action, and defendant represented the same interests as a party to the class action); *see also Wathan v. Pazin*, Civ. A. No. 07-0874, 2007 WL 4181716, at *7 (E.D. Cal. Nov. 21, 2007) (the most important criteria in determining whether a lawsuit is duplicative of a previously filed action is "whether the two suits arise out of the same transactional nucleus of facts") (internal quotations omitted).

Second, the fact that *Berger I* is proceeding before the Third Circuit while *Berger II* is before this Court does not render the two cases sufficiently distinct since they clearly involve the same underlying transaction, substantive claims, and requests for relief.   In *Step-Saver Data Systems, Inc. v. Wyse Technology*, Step-Saver brought a complaint for contribution and indemnification seeking declaratory judgment and damages (*Step-Saver I*).   Civ. A. No. 88-7961, 1990 WL 223052 (E.D. Pa. Dec. 21, 1990).   The district court treated Step-Saver's claim for damages as intertwined with its request for declaratory judgment and granted judgment on the pleadings in favor of the defendants. Ten days after entry of judgment, Step-Saver filed a second complaint seeking damages (*Step-Saver II*).   While *Step-Saver I* was on appeal to the Third Circuit, *Step-Saver II* was tried to a jury.   Some time after the jury trial, the Third Circuit affirmed the district court's conclusions regarding the declaratory judgment but remanded the matter for further proceedings on damages. At this point, *Step-Saver II* was on appeal to the Third Circuit.   Since the matters involved the same parties, underlying facts, and remedies, the district court, citing *Walton*, dismissed as moot the remanded *Step-Saver I* since "*Step-Saver II* [was] clearly the most efficient and convenient context for the further litigation of the plaintiff's claim for the parties, for counsel and for the Court." *Id.* at *2. Clearly, the *Step-Saver* court did not consider the fact that one matter was on appeal to preclude application of the prior pending action doctrine to the matter proceeding in district court, and there is no reason to conclude otherwise here.

The conclusion that *Berger II* is duplicative of *Berger I* does not, however, require dismissal of *Berger II*.   Plaintiffs have not attempted to circumvent any procedural rules by filing *Berger II* that would mandate dismissal of the *Berger II* Complaint.   *Contra McKenna v. City of Phila.*, Civ. A. No. 06-1705, 2007 WL 4190687, at *3 (E.D. Pa. Nov. 21, 2007) (dismissing second complaint as

6

duplicative because consolidating cases would permit plaintiff to avoid requirements of Federal Rule of Civil Procedure 15).  Since Berger could not have amended his Complaint to cure the standing defect in *Berger I*, it was appropriate for his attorneys to file a new action naming the Berger-affiliated entities as plaintiffs in order to reassert and preserve any claims arising out of the underlying transaction, especially since the statute of limitations could expire as early as December 2008.  The Court agrees with Plaintiffs that it would be manifestly unjust to dismiss *Berger II* — if the Third Circuit affirms the conclusion that Berger lacked standing in his own right and the statute of limitations has run by that time, the Corporate Plaintiffs will be precluded from bringing any claims based on Defendants' fraud and Defendants will avoid justice completely.  Such a result would be improper and dismissal of *Berger II* is therefore clearly inappropriate.

In contrast, a stay of *Berger II* pending the Third Circuit's decision in *Berger I* is warranted. Defendants should not have to defend against two cases involving the same subject matter at the same time.  *Walton*, 563 F.2d at 70.  More importantly, judicial economy weighs in favor of a stay. The Third Circuit's decision will clarify who may properly bring this action.  A conclusion by the Third Circuit that Berger has standing in his own right with either moot or simplify *Berger II*. Accordingly, proceeding with *Berger II* will waste the parties' time and money and will require the Court to expend effort on issues that might ultimately be rendered irrelevant by the Third Circuit's decision in *Berger I*.

### III.     CONCLUSION

For the above reasons, the Court will stay this litigation pending the Third Circuit's ruling on the *Berger I* appeal.  An appropriate Order follows.

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERISH BERGER, et al.,** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ELI WEINSTEIN, et al.,** | : | **No. 08-4059** |
| **Defendants.** | : | |

<u>**ORDER**</u>

**AND NOW**, this **10th** day of **November, 2008**, for the foregoing reasons, it is hereby **ORDERED** that:

1.     Defendants Chawla and WAPC's Motion to Dismiss or Stay (Document No. 38) and Defendant Sahaya's Motion to Dismiss or Stay (Document No. 39) are **GRANTED** as follows: The above-captioned action is stayed until the Third Circuit rules on the appeal of *Berger v. Weinstein*, Civil Action No. 07-994 (E.D. Pa.), Appeal No. 08-3851.

2.     Defendants Weinstein and Pine Projects LLC's Motion to Dismiss (Document No. 48) is **GRANTED** to the extent it requests a stay of the instant litigation; the remainder of that motion is **DENIED without prejudice**.

3.     Plaintiffs' Motion for a Preliminary Injunction (Document No. 5) is **DENIED without prejudice**.

4.     Defendants Chawla and WAPC's Motion to Dismiss (Document No. 24) is **DENIED without prejudice**.

5.     Defendants 2040 Market Associates and JFK BLVD Acquisition Partners' Motion to Dismiss (Document No. 29) is **DENIED without prejudice**.

6.     Defendants 2040 Market Associates, Chawla, JFK BLVD Acquisition Partners, and WAPC's Motion to Strike Plaintiffs' Orders to Index *Lis Pendens* (Document No. 30) is **DENIED without prejudice**.

7.     For the above motions that the Court denied without prejudice, the parties may reassert the arguments therein after the Court removes the stay of this litigation.

BY THE COURT:

**Berle M. Schiller, J.**